UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                    Case No. 03-26157-8G7

NICHOLAS C. SPARKS

_____ Debtor.                    Chapter 7

## ORDER ON MOTION TO COMPEL TURNOVER

**THIS CASE** came before the Court for hearing to consider the Motion to Compel Turnover filed by the Chapter 7 Trustee, R. Jay Harpley, on September 13, 2005.  On October 3, 2005 the Debtor filed a response to the Trustee's motion.

### Background

The Debtor, Nicholas C. Sparks, filed his Chapter 13 petition on December 19, 2003.  An order confirming his Chapter 13 plan was entered on August 16, 2004.  On February 28, 2005, the Debtor filed a notice of voluntary conversion of Chapter 13 to Chapter 7.  According to the Chapter 13 Trustee's Final Report and Accounting, the Debtor paid in $4,788.00 for the benefit of creditors during the months of his plan.  After subtracting the trustee commission and attorney fees, the Chapter 13 Trustee disbursed $3,989.06 to the Debtor's unsecured creditors.  According to the bankruptcy schedules filed at the commencement of the Debtor's case, the Debtor owned a 1993 Cadillac Deville with 72,000 miles.  On Schedule C, Property Claimed As Exempt, the Debtor listed this vehicle with a (then) current market value of $5,000.00 and a value of claimed exemption of $1,000.00.

In paragraph 6 of the Pre-Confirmation Order to Pay Trustee entered in this case, the time period to file an objection to the property claimed as exempt was extended to 30 days after the meeting of

1

creditors held under Section 341(a) of the Bankruptcy Code is concluded, following the conversion of the case to a case under Chapter 7.  The Chapter 7 Trustee in this case filed an objection to the Debtor's claim of exemption in his vehicle, the 1993 Cadillac Deville, as to the amount over the exemption of $1,000.00 allowed by law pursuant to Section 222.25 of the Florida Statutes.  No response was filed to the Objection to Debtor's Vehicle Claim of Exemption.  On September 13, 2005 the trustee filed a motion to compel turnover of the vehicle.  On October 3, 2005 the Debtor filed a response to the motion to compel turnover.  The response requested that the Court deny the Trustee's Motion to Compel Turnover because the "Debtor has satisfied the Overage [$4,145.00, as of the date of filing, as determined by exceeding his vehicle exemption by $4,000.00 and his personal property exemption by $145.00] by paying nearly $4,000.00 to his unsecured creditors during his Chapter 13, which equals approximately what his unsecured creditors would have received had this case commenced as a Chapter 7 case."

This case was commenced prior to the effective date of the amendments to the Bankruptcy Code pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005; the applicable sections of the Bankruptcy Code prior to such amendments will control the Court's determination of the issues in this matter.

## Discussion

Filing a voluntary bankruptcy petition commences a bankruptcy case, 11 U.S.C. §301, and creates an estate comprised of the property described in §541(a).  Pursuant to §522, debtors are allowed to exempt property from the estate.

The conversion of a case from a case under one chapter of the Bankruptcy Code to a case under another chapter does not effect a change in the date of the filing of the petition, the commencement of

the case, or the order for relief. 11 U.S.C. §348(a). When a case under chapter 13 is converted to a case under another chapter, property of the estate in the converted case consists of property of the estate, as of the date of filing of the petition, which remains in the possession of or is under the control of the debtor on the date of conversion. 11 U.S.C. §348(f)(1)(A). In the instant case, the 1993 Cadillac Deville which the Debtor owned at the commencement of the case and continued to own at the conversion of his case from chapter 13 to chapter 7, was property of the estate, subject to his available exemptions.

The Debtor requests the Court to deny the Trustee's motion to compel turnover based on the reasoning that during the pendency of his Chapter 13 case his unsecured creditors were paid the approximate amount they would have received if he had simply filed a Chapter 7 petition on the date of commencement of his case and the Chapter 7 Trustee liquidated his non-exempt assets. The Debtor made nine payments of $532.00 to the Chapter 13 Trustee during 2004, totaling $4,788.00. The Debtor's Chapter 13 plan anticipated a payment of $532.00 per month for thirty-six months, for a total of $19,152.00. This plan provided for a 30% payout on unsecured claims, as the Debtor listed seven claims on his Schedule F, Creditors Holding Unsecured Nonpriority Claims, totaling $55, 538.00.

Section U.S.C. 1325(a) of the Bankruptcy Code states the court shall confirm a plan if six tests are met. One of these tests is that property distributed under the plan for each unsecured claim must be at least as much as each claim would receive in a chapter 7 case. 11 U.S.C. §1325(a)(4). The Debtor's argument begins with the statement that his total payments actually made in the Chapter 13 case were approximately the same as what his unsecured creditors would have received in a Chapter 7 if he filed a Chapter 7 case originally. Therefore, this payout of amounts in his Chapter 13 to unsecured creditors

3

should yield the result that no further amounts are due to his unsecured creditors in his converted case, i.e., the non-exempt assets as of the commencement of his case, and that he still owns, should not to be liquidated for the sake of his unsecured creditors by the Chapter 7 trustee.

In a recent case Judge Paskay denied a Chapter 7 Trustee's motion for turnover where the excess value in non-exempt assets was due to the increase in equity during the pendency of the debtor's Chapter 13 case, prior to conversion to Chapter 7. In discussing the non-exempt property of the debtor as of the conversion date, the Court stated, "...property of the estate and the debtor's equity in the property of the estate is determined as of the date of the debtor's filing his Chapter 13 petition..." In re Pruneskip, 2006 WL 1555704 (Bankr. M.D. Fla.), citing In re Sargente, 202 B.R. 1023 (Bankr. S.D. Fla. 1996). Although the Debtor had approximately $55,000 in scheduled unsecured debt at the time of the filing of his petition, his motor vehicle was held free and clear of liens. Thus, with regard to his vehicle scheduled at a value of $5,000.00 in his petition, the Debtor had $5,000.00 in equity in this asset, for a total non-exempt value of $4,000.00.

There have been numerous cases (pre-BAPCPA amendments to the Bankruptcy Code) which held that the equity (or value) of the debtor's property as of the date of filing of the original petition controlled for the purposes of determining the non-exempt portion of such property (usually motor vehicles or real estate) upon conversion to a Chapter 7 case. In such cases, there were often post-petition increases in equity in the asset due to appreciation or payments made by the Debtor to the lienholder of the secured debt associated with such asset. The Bankruptcy Code section (pre-BAPCPA) dealing with this situation provides as follows:

**11 USC §348. Effect of conversion**

(f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—

4

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; and
(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the chapter 13 plan.

For the most part, courts have held that scheduled values of a debtor's assets in an original Chapter 13 filing will control upon conversion by the debtor in a Chapter 7 case. Therefore, any post-petition, pre-conversion appreciation in the value of property will not go to unsecured creditors, but to the debtor following conversion to a Chapter 7 case. *See* Warren v. Peterson, 298 B.R. 322 (N.D. Ill. 2003); In re Slack, 290 B.R. 282 (Bankr. D. N.J. 2003); In re Niles, 2006 WL 1431460 (Bankr. D. Ariz.). *Cf.* In re Jackson, 317 B.R. 511 (Bankr. N.D. Ill. 2004); In re Kuhlman, 254 B.R. 755 (Bankr. N.D. Cal. 2000). In addition, with regard to a motor vehicle encumbered by a lien which has been paid down during the pendency of a Chapter 13 case, thus creating equity in such vehicle, such equity will not constitute property of the estate upon conversion to a Chapter 7 case under the pre-BAPCPA interpretation of §348(f). *See* In re Boyum, 2005 WL 2175879 (D. Or.); In re Nichols, 319 B.R. 854 (Bankr. S.D. Ohio 2004). *Cf.* In re Peter, 309 B.R. 792 (Bankr. D. Or. 2004). In these cases, as in the case before the Court, it has not been a question of whether the asset is property of the estate, but whether there was value (equity due to either appreciation in value or pay-down of a secured claim) in the non-exempt portion of property of the estate for the Chapter 7 Trustee to administer.

In many of the cases which provided that the equity in property owned at the time of filing the petition was to be excluded from the Chapter 7 estate upon conversion, the legislative intent of the Bankruptcy Reform Act of 1994, which brought section 348(f) into the Bankruptcy Code, is quoted:

"[to] encourage debtors to reorganize their affairs through chapter 13 rather than to immediately liquidate their property under chapter 7." *See* In re Nichols, 319 B.R. 854, 856 (Bankr. W.D. Ohio 2004); In re Boyum, 2005 WL 2175879 (D. Or.); Bargeski v. Rose, 2006 WL 1238742 (D. Md.); and In re Salas, 2006 WL 2650160 (E.D. Cal.).

Chapter 13 debtors may encounter unforeseen financial circumstances during the pendency of their confirmed Chapter 13 plans. There are four actions a Chapter 13 debtor may take in such circumstances: 1) convert the case to a Chapter 7 pursuant to §1307(a); 2) apply for a hardship discharge pursuant to §1328(b); 3) voluntarily dismiss the case pursuant to §1307(b); or 4) modify the chapter 13 plan based upon unanticipated financial conditions. A debtor is not eligible for a hardship discharge if it is practicable to modify his Chapter 13 plan. *See* 11 U.S.C. §1329(b)(3).

In this case, the Debtor lost his employment. He obtained re-employment, but could not make the Chapter 13 payments so he chose to voluntarily convert his Chapter 13 case to a Chapter 7. The Debtor requests that the Court, as a matter of equity, deny the Trustee's motion to compel turnover of his vehicle on the basis that he paid in almost $4,000 to his unsecured creditors during the pendency of his Chapter 13 case, and this is the amount that the unsecured creditors would have received if he had filed a Chapter 7 case initially. Congress's intent in enacting Chapter 13 was to encourage debtors to repay their debts to the best of their ability. *See* In re Barbosa, 236 B.R. 540, 556 (Bankr. D. Mass. 1999). If there had been a secured claim on the Debtor's motor vehicle at the commencement of his Chapter 13 case, the payments during the Chapter 13 case would have gone in part to such secured creditor. If the Debtor had converted to a Chapter 7 after paying down a lien, then case law provides that the resulting equity in the motor vehicle would belong to the Debtor and less would have gone to his unsecured creditors. In this case, all payments during his Chapter 13 case went to his unsecured

creditors, and they have received what they would have received if the case had been a Chapter 7 case at the outset.

Accordingly, the Court finds that it is appropriate to deny the Chapter 7 Trustee's motion to compel turnover of basically the Debtor's sole asset.

### Conclusion

For the reasons stated above, it is appropriate to deny the Trustee's Motion to Compel Turnover. Accordingly:

**IT IS ORDERED** that the Trustee's Motion to Compel Turnover is denied.

DATED this _5ᵗʰ_ day of _October_ , 2006.

### BY THE COURT

PAUL M. GLENN
Chief Bankruptcy Judge